IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SCOTT DENNY, # 290082, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:20-CV-972-WHA-CSC |
| ) | [WO] |
| ROLANDA CALLOWAY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Timothy Scott Denny, an Alabama inmate proceeding *pro se*, brings this action as a petition for habeas corpus relief. Doc. # 1. Denny challenges his 2013 conviction and resulting sentence imposed by the Lee County Circuit Court. This court finds that Denny's petition constitutes a successive petition for writ of habeas corpus under 28 U.S.C. § 2254 filed without the required appellate court permission. Consequently, Denny's petition should be dismissed for lack of jurisdiction.

### I. BACKGROUND

In March 2013, a Lee County jury found Denny guilty of second-degree rape in violation of § 13A-6-62, Ala. Code 1975. On May 15, 2013, the trial court sentenced Denny to 17 years in prison. Denny appealed, and his conviction and sentence were affirmed. He unsuccessfully sought post-conviction relief in the state court.

In August 2016, Denny filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the same conviction and sentence he challenges by his instant petition. *See Denny v. Billups*, Civil Action No. 3:16cv692-WKW-SRW, Doc. # 1. In his 2016 petition, Denny asserted as his sole ground for relief that his trial counsel was ineffective for failing to communicate the State's alleged plea offer to him. On July 9, 2018, this court denied Denny's petition and dismissed the action with prejudice. *Id.,* Docs. # 19, 20, 21.

Denny initiated the instant action around November 24, 2020, by filing a petition titled "Habeas Corpus." Doc. # 1 at 1. In his petition, Denny "demands equitable relief" from his conviction and sentence on various grounds, all of which relate to his central claim that he was not advised of an alleged plea offer by the State before he went to trial. *Id.* at 1–2.

## II. DISCUSSION

Denny challenges his state conviction and sentence, and he is in custody under the judgment of an Alabama court. Therefore, 28 U.S.C. § 2254 applies to his petition. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). A state prisoner cannot evade the procedural requirements of § 2254 by filing a petition purporting to be something else. *See Thomas*, 371 F.3d at 787. Accordingly, this court finds Denny's self-titled

"Habeas Corpus" petition constitutes a petition for writ of habeas corpus under 28 U.S.C. § 2254 and applies the procedural restrictions applicable to § 2254 petitions.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C. § 2244(b)(3)(B), (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

Denny's instant petition attacking his conviction and sentence is, self-evidently, a successive petition for writ of habeas corpus under 28 U.S.C. § 2254. Denny furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition. Because this undertaking is a successive § 2254 petition and because Denny has not obtained permission from the appellate court to file a successive § 2254 petition, this court lacks jurisdiction to consider Denny's claims. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, Denny's petition is due to be dismissed for lack of jurisdiction. *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Denny's operative 28 U.S.C. § 2254 petition be DISMISSED for lack of jurisdiction, as Denny has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

---

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

4

ORDERED that the parties shall file any objections to this Recommendation by December 23, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 9th day of December, 2020.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE